**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| OWEN COX, JR.<br>and EVELYN COX,<br><br>      Plaintiffs,<br><br>  vs.<br><br>THE CITY OF INDIANAPOLIS,<br>INDIANA, and THE INDIANAPOLIS<br>DEPARTMENT OF PUBLIC WORKS,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)   Case No. 1:09-cv-435-TWP-MJD<br>)<br>)<br>)<br>)<br>)<br>) |

## ENTRY ON DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Defendants', City of Indianapolis and the Indianapolis Department of Public Works (collectively, "City"), Motion to Alter or Amend Judgment [Dkt. 70]. Plaintiffs Owen and Evelyn Cox ("Plaintiffs") filed a class action suit challenging the City's forgiveness of certain sewer tax assessments paid in installments without providing refunds to taxpayers who already paid their full assessment. A June 14, 2010 Order of this Court ("Summary Judgment Order") – the subject of the current motion to alter or amend – concluded that the forgiveness scheme violated the Equal Protection Clause, granted summary judgment in favor of Plaintiffs, and ordered the City to issue refunds to Plaintiffs equal to the difference between the taxes paid and the amount paid by taxpayers who subsequently had their remaining balances forgiven. Summary Judgment Order at 12. The City now asks the Court to alter or amend the Summary Judgment Order to strike down Resolution 101, 2005 as unconstitutional rather than requiring individual refunds for overpayment. For the reasons set forth below, the Court **DENIES** the City's Motion to Alter or Amend [Dkt. 70].

# I. BACKGROUND

For many years, the City funded sewer installation and repair projects through taxes on the benefitting properties. Summary Judgment Order at 2. These assessments under the Barrett Law – Indiana Code Sections 36-9-36 to 36-9-39 – could be paid in either a lump sum or in a series of installments over up to thirty years. Plaintiffs chose to pay their entire Barrett Law assessments in full. Summary Judgment Order at 2-3. In 2005, the City devised the Septic Tank Elimination Program ("STEP") to replace the Barrett Law assessments, which were unpopular and inadequate to fund necessary sewer upgrades. *Id.* at 2. At the time STEP was devised, approximately $4 million in unpaid Barrett Law assessments remained on the City's books. *Id.* at 2–3. The City-County Council ("Council") passed Ordinance 107, 2005 to implement STEP. *Id.* at 3. The Council also passed Resolution 101, 2005, forgiving "all [Barrett Law] assessment amounts . . . due and owing from the date of November 1, 2005 forward[.]" *Id.* Resolution 101, 2005 made no provision for refunds to property owners who had already paid the full balance of their Barrett Law assessments, and the City refused refunds to these taxpayers. *Id.* at 3-4.

Plaintiffs, on behalf of themselves and other similarly situated individuals, filed suit in Marion County Superior Court seeking a credit equivalent to the amount of forgiveness granted to their neighbors who had not paid the full balance of their Barrett Law assessments by Resolution 101, 2005. *Id.* at 3. The case was properly removed to this Court, and on June 14, 2010, this Court determined on summary judgment that the City's policy of forgiving Barrett Law assessments without issuing refunds to those taxpayers who had already paid their full assessments violated the Equal Protection Clause. *Id.* at 12. By granting Plaintiffs' motion for summary judgment, the Court implicitly granted Plaintiffs' requested remedy, a refund of the

difference between the amount they paid under the Barrett Law assessments and the amount forgiven to their neighbors. *Id.*

On July 12, 2010, the City filed the current Motion to Alter or Amend Judgment [Dkt. 70]. The City does not challenge the Court's conclusion that the forgiveness scheme without refunds violates the Equal Protection Clause. Rather, the City contends that the Court ignored controlling Supreme Court precedent, namely *Heckler v. Mathews*, 465 U.S. 728, 738–39 (1984), in fashioning a remedy. In *Heckler*, the Supreme Court cautioned that in remedying equal protection violations, "the court should not . . . use its remedial powers to circumvent the intent of the legislature[.]" *Id.* at 739 n.5. The City argues that by ordering refunds to overpaying taxpayers rather than invalidating the forgiveness scheme as a whole, the Court's remedy circumvents the Council's intent by imposing nearly $5,000,000 more in costs that were not accounted for in the initial enactment of Resolution 101, 2005.[1] Therefore, the City argues that, consistent with the Council's intent, the Court should alter its remedy to strike down the forgiveness scheme as a whole.

The Court adds additional facts as needed below.

---

[1] In support of its contention as to the Council's intent, the City directs the Court to statements in affidavits by each member of the Council that they would not have approved the forgiveness plan had refunds been required. *See* Dkt. 57 Exs. 3–8. Plaintiffs contend that these affidavits should not be considered because they improperly seek to supplement the Council's minutes. However, these affidavits were submitted at summary judgment, and Plaintiffs have waived any evidentiary challenge to those affidavits by failing to raise an objection at that time. *Accord. River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1173 (7th Cir. 1998); *see also* S.D. Ind. L.R. 56.1(f) ("Any dispute regarding the admissibility or effect of evidence should be addressed in the [summary judgment] briefs."). Therefore, to the extent that the affidavits are relevant, the Court will consider them.

## II.  LEGAL STANDARDS

In order to prevail on a motion to alter or amend judgment under Rule 59(e), the challenging party must "clearly establish" that there has been a manifest error of law or fact or that newly discovered evidence precludes entry of judgment.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).  Rule 59(e) motions do not give a party the opportunity to rehash old arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  "A manifest error is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

A district court has broad discretion to fashion an appropriate remedy to an equal protection violation.  *Liberles v. Cook Cnty.*, 709 F.2d 1122, 1136 (7th Cir. 1983) (citing *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 770 (1976)). "[W]hen the 'right invoked is that of equal treatment,' the appropriate remedy is a mandate of *equal* treatment[.]" *Heckler*, 465 U.S. at 740 (quoting *Iowa-Des Moines Nat'l Bank v. Bennett*, 284 U.S. 239, 247 (1931)) (emphasis in original).  Therefore, in remedying an equal protection violation, "unequal treatment can be eliminated without conferring any benefit on the plaintiff[s] that challenged it." *Wiemueller v. Kosobucki*, 571 F.3d 699, 702 (7th Cir. 2009).

## III.  DISCUSSION

The parties agree that in this case, two remedies would eliminate the equal protection problem: (1) requiring the City to issue refunds to the overpaying taxpayers or (2) reinstituting the Barrett Law assessments forgiven under Resolution 101, 2005.

4

In its initial determination of the remedy in this case, the Court relied on the Supreme Court decision in *Alleghany Pittsburgh Coal Company v. County Commission of Webster County, West Virginia*, 488 U.S. 336 (1989), as well as a decision of the Indiana Court of Appeals – *City of Indianapolis v. Armour*, 918 N.E.2d 401 (Ind. Ct. App. 2009)[2] – addressing the same Barrett Law issue as in this case. In both cases, courts determined that the appropriate remedy for overpayment of taxes in violation of equal protection was a refund to the overpaying taxpayers. *Alleghany Pittsburgh*, 488 U.S. at 346; *Armour*, 918 N.E.2d at 419.

> A taxpayer in this situation may not be remitted by the State to the remedy of seeking to have the assessments of the undervalued property raised. "The [Equal Protection Clause] is not satisfied if a State does not itself remove the discrimination, but imposes on him against whom the discrimination has been directed the burden of seeking an upward revision of the taxes of other members of the class." *Hillsborough v. Cromwell*, 326 U.S. 620, 623 (1946) (citing *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441, 445–47; *Iowa-Des Moines Nat'l Bank*, 284 U.S. at 247; *Cumberland Coal Co. v. Bd. of Revision of Tax Assessments*, 284 U.S. 23, 28–29 (1931)).

*Alleghany Pittsburgh*, 488 U.S. at 346. The *Armour* court interpreted this language to direct that "when a taxpayer is denied equal protection of the laws through a state authority's collection of assessed taxes, the proper remedy is not to penalize everyone equally but to grant the benefit given to others to the complaining taxpayer." *Armour*, 918 N.E.2d at 419. This Court accepted the reasoning of *Armour* and its interpretation of *Alleghany Pittsburgh* in concluding that refunds were an appropriate remedy in this case. *See generally* Summary Judgment Order.

The City contends that this interpretation of *Alleghany Pittsburgh* to require refunds

---

[2] The Indiana Supreme Court subsequently granted transfer in *Armour*, vacating the Court of Appeals opinion on July 30, 2010. The Indiana Supreme Court held oral arguments in the case on October 28, 2010, and the Court's decision is pending. *See Supreme Court Oral Argument Calendar*, IND. SUP. CT., http:///www.in.gov/portal/news_events/11859.htm (last visited Jan. 5, 2010).

5

contradicts the Supreme Court's admonition in *Heckler* to account for legislative intent in fashioning equal protection remedies. *See Heckler*, 465 U.S. at 739 n.5. The Court in *Heckler* considered a provision of the Social Security regulations discriminating based on gender and concluded that Congress showed a clear intent to apply a gender-based dependency test in determining eligibility for benefits. Therefore, the Court would not prescribe a remedy that did away with that test, even though that remedy would cure the equal protection violation. *Id.* at 741–43. In other words, the Court refused to grant a remedy clearly contrary to legislative intent. *Id.* The Supreme Court recently reaffirmed its commitment to this proposition. *See Levin v. Commerce Energy, Inc.*, 130 S.Ct. 2323, 2333 (2010) ("On finding unlawful discrimination, courts may attempt, within the bounds of their institutional competence, to implement what the legislature would have willed had it been apprised of the constitutional infirmity.").

However, the City's argument that *Heckler* and its progeny require a different result in this case ignores the intent of Resolution 101, 2005 as set forth in the Resolution itself. One of the Resolution's stated purposes is to accommodate "financial hardships on many middle and lower income participants" presented by Barrett Law assessments. Resolution No. 101, 2005 ¶ 2. The language of the enactment itself is the best indication of legislative intent, and judicial inquiry usually ends when the language of the enactment is unambiguous. *See United States v. Dickerson*, 857 F.2d 414, 417 (7th Cir. 1988). In this case, the unambiguous language of Resolution 101, 2005 seeks in part to assist middle and lower income individuals who cannot pay their Barrett Law assessments. A remedy requiring that all the forgiven assessments be reinstated clearly thwarts that purpose. Although the City may be correct that the Council's decision would have been different had the effect of refunds been considered fully prior to the enactment of

Resolution 101, 2005, the City cannot use that as an excuse to contravene a purpose clearly presented on the face of the Resolution itself. *Accord. United States v. Rodriguez*, 460 F. Supp. 2d 902, 909 (S.D. Ind. 2006) ("[T]here is a strong presumption that the legislative purpose is expressed by the ordinary meaning of the words used[.]").

In addition, *Heckler* allows the Court to consider the expectation interests of those affected by a particular remedy. *See Heckler*, 465 U.S. at 745–46. "Especially when immediate implementation of an equitable remedy threatens to impinge upon the expectations of innocent parties, the courts must look to the practical realities and necessities inescapably involved in reconciling competing interests, in order to determine the special blend of what is necessary, what is fair, and what is workable." *Romasanta v. United Air Lines, Inc.*, 717 F.2d 1140, 1149 (7th Cir. 1983) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 375 (1977)) (internal quotations omitted). Cases finding tax refunds to be an inappropriate remedy for equal protection violations do not involve defeating the expectations of nearly as many taxpayers as would be the case here. *Compare Johnson Bros. Wholesale Liquor Co. v. Comm'r of Revenue*, 402 N.W.2d 791, 793 (Minn. 1987) (retroactive assessment of excise tax against the only two wineries previously given exemptions would amount to approximately $73), *with Alleghany Pittsburgh*, 488 U.S. at 346 (providing refund to a single taxpayer), *and Armco Steel Corp. v. Dep't of Treasury*, 358 N.W.2d 839, 843–44 (Mich. 1984) (refunding approximately $2.5 million in franchise taxes). Undoubtedly, the City's requested remedy of reinstating the forgiven Barrett Law assessments nearly five years after the fact contravenes the expectations of those property owners whose assessments were forgiven. The Court is sensitive to these expectations in crafting a remedy.

Lastly, it is important to notice that Plaintiffs challenged Resolution 101, 2005 as unconstitutional as applied to themselves rather than facially unconstitutional. Summary Judgment Order at 3–4. Courts should not "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Wash. State Grange v. Wash. State Republican Party*, 128 S.Ct. 1184, 1191 (2008) (preferring narrow as-applied challenges over broader facial challenges). The City's proposed remedy, striking Resolution 101, 2005 as unconstitutional and reinstating the Barrett Law assessments, goes beyond the challenge presented by Plaintiffs and amounts to a finding of facial invalidity. The City's proposed remedy, of simply reinstating the Barrett Law Assessments, is not fair to any of the persons involved, or reasonable under the circumstances. The Court declines the invitation to broaden the remedy beyond the parties to the instant litigation.

The Court recognizes the precarious position that the City finds itself in as a result of being required to provide refunds to Plaintiffs. However, this situation is one of the City's own making when it adopted a resolution that, as applied to Plaintiffs, violated constitutional guarantees of equal protection. Given the purposes of the resolution, as expressed in its own language, the expectations of taxpayers, and the limited nature of Plaintiffs' challenge, the Court concludes that refunds are the proper remedy in this case. Plaintiffs' have failed to "clearly establish" that there has been a manifest error of law or fact that precludes entry of the Courts June 14, 2010 Order [Dkt. 66] .

## IV. CONCLUSION

For the reasons noted herein, the City's Motion to Alter or Amend Judgment [Dkt. 70] is **DENIED**.

SO ORDERED: 01/11/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Jennifer Lynn Haley**
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov,bdoyle@indy.gov

**Stephen Jerome Hyatt**
HYATT & ROSENBAUM PA
sjhyatt@juno.com,apatterson8@sbcglobal.net

**Edward F. Kelly**
EDWARD F. KELLY LAW OFFICE
kellyatlaw@aol.com

**Justin F. Roebel**
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org,mohaver@indygov.org

**William T. Rosenbaum**
HYATT & ROSENBAUM, P.A.
rosenbaum@iquest.net,hyattandrosenbaum@gmail.com