UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OWEN COX, JR. and EVELYN COX, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:09-cv-0435-TWP-MJD |
| vs. | ) ) ) | |
| THE CITY OF INDIANAPOLIS, INDIANA and THE INDIANAPOLIS DEPARTMENT OF PUBLIC WORKS | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **ENTRY ON MOTIONS FOR SUMMARY JUDGMENT**

### *Procedural Posture*

The Court and the parties are well-versed in the facts of this case. Nonetheless, before turning to the present motions, some background directed to this case's procedural posture is necessary. Plaintiffs Owen and Evelyn Cox ("Plaintiffs") filed a class action lawsuit challenging the City of Indianapolis, Indiana and the Indianapolis Department of Public Works' (hereinafter "City") forgiveness of certain sewer tax assessments paid in installments without providing refunds to taxpayers who already paid their full assessment (hereinafter, the City's forgiveness scheme is referred to as "Resolution No. 101, 2005"). Initially, Plaintiffs made two separate arguments: (1) Resolution No. 101, 2005 violated the Equal Protection Clause of the United States Constitution; and (2) Resolution No. 101, 2005 violated Ind. Code § 36-9-39-17. (Dkt. 26).

On January 4, 2010, Plaintiffs moved for summary judgment on the Equal Protection Clause issue only. On June 14, 2010, Judge Lawrence granted Plaintiffs' motion, ruling that the City's forgiveness scheme ran afoul of the Equal Protection Clause. (Dkt. 66). In doing so, Judge Lawrence ordered the City to issue refunds to Plaintiffs equal to the difference between the taxes paid and the amount paid by taxpayers who subsequently had their remaining balances forgiven. After this case was transferred to the undersigned judge, the City asked the Court to alter or amend the order on summary judgment. Specifically, the City asked the Court to strike Resolution No. 101, 2005 as unconstitutional in lieu of requiring individual refunds for overpayment. On January 1, 2011, the Court declined, confirming that "refunds are the proper remedy in this case." (Dkt. 95 at 9). Subsequently, on June 15, 2011, the Court resolved a number of damages-related issues. (Dkt. 106). Upon doing so, the Court thought that, once and for all, it had paved the way for the City to move forward with an appeal.[1]

The Court was not so lucky. Plaintiffs have now asked the Court to determine whether Resolution No. 101, 2005 violated Ind. Code § 36-9-39-17(c) – a lurking issue that has remained unaddressed thus far in the litigation. Although the interpretation of this Indiana statute is a matter of first impression, the Court has elected to address this issue in the interest of avoiding

---

[1] The City has expressed its desire to appeal. This is not surprising, particularly in light of the Indiana Supreme Court's recent decision in *City of Indianapolis v. Armour*, 946 N.E.2d 553, 556 (Ind. 2011) (the City "did not violate the Equal Protection Clause of the Fourteenth Amendment because forgiving only the outstanding assessment balances was rationally related to a legitimate government interest"). Although Indiana Supreme Court decisions regarding issues of state law are binding on this Court, such decisions are only persuasive authority on matters of federal law. *See Ace Cycle World , Inc. v. American Honda Motor Co., Inc.*, 788 F.2d 1225, 1228 (7th Cir. 1986) ("Clearly, a federal court need not defer to a state's interpretation of the Federal Constitution."). Because *Armour* dealt with the interpretation of the Equal Protection Clause of the United States Constitution, it is non-binding.

potential piecemeal appeals. *See, e.g., Freeman v. Kohl & Vick Machine Works, Inc.*, 673 F.2d 196, 201 (7th Cir. 1982) ("It is clear that federal law expresses strong policy against piecemeal appeals.") (citation omitted). Significantly, tackling this issue also requires the Court to address a threshold issue: Is Plaintiffs' claim grounded in Ind. Code § 36-9-39-17(c) jurisdictionally barred because they failed to comply with the notice requirement of the Indiana Tort Claims Act ("ITCA")?

Additional facts are added below as needed.

### *Legal Standard*

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute

3

between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## *Discussion*

To summarize, this matter is now before the Court on two motions for summary judgment – one from each party. First, the City has moved for summary judgment on Plaintiffs' statutory claim (Dkt. 1-3), arguing that this claim is jurisdictionally barred because Plaintiffs failed to comply with the notice requirements of the Indiana Tort Claims Act (ITCA). Second, Plaintiffs have moved for summary judgment on the grounds that Resolution No. 101, 2005 violated Ind. Code § 36-9-39-17(c).

The Court first turns to the City's motion because it presents a threshold issue. If the Plaintiffs' statutory claim is jurisdictionally barred, then there is no point in addressing the merits of Plaintiffs' motion. Indeed, for the reasons set forth below, the Court finds the City's motion to be dispositive.

**A.     The ITCA**

The ITCA governs lawsuits against political subdivisions and its employees. *Irwin Mortgage Corp. v. Marion County Treasurer*, 816 N.E.2d 439, 445 (Ind. Ct. App. 2004) (citation omitted). Importantly, the ITCA imposes a notice requirement. Pursuant to Ind. Code § 34-13-3-8, "a claim against a political subdivision is barred unless notice is filed . . . within one hundred eighty (180) days after the loss occurs." The notice requirement serves several purposes, which include: (1) "informing officials of the political subdivision of both the accident and its surrounding circumstances so that it may investigate, determine potential liability, and

prepare a defense to the claim"; and (2) "requiring a claimant to announce any intention to assert a claim." *Madden v. Erie Ins. Group*, 634 N.E.2d 791, 793 (Ind. Ct. App. 1994) (citation omitted). Compliance with the ITCA is not question of fact, but instead a procedural precedent that the court must determine prior to trial. *Lake County Juvenile Court v. Swanson*, 671 N.E.2d 429, 437 (Ind. Ct. App. 1996) (citation omitted). Significantly, the ITCA applies to "all torts committed against other persons or property." *Irwin*, 816 N.E.2d at 446 (quoting *Holtz v. Board of Comm'rs of Elkhart County*, 560 N.E.2d 645 (Ind. 1990)).

Here, Plaintiffs have failed to file a tort claim notice. Thus, if Plaintiffs' statutory claim amounts to a tort under the ITCA, then that claim is barred. *See, e.g., Irwin*, 816 N.E.2d at 447 ("The ITCA's notice requirements . . . bar Irwin's state law claims as Irwin has failed to demonstrate substantial compliance with the statute.").

**B.     Tort or Contract?**

Given this backdrop, the Court must determine if Plaintiffs have raised a tort claim. To reiterate, Plaintiffs contend that Resolution No. 101, 2005 violated Ind. Code § 36-9-39-17(c), which provides:

> An amount credited, eliminated, or reduced shall be primarily apportioned over all the other property assessable for the sewage works, as the works board may find the other property to be benefited in addition to the amounts estimated and apportioned under section 16 of this chapter. If all of the amounts credited, eliminated, or reduced are not reapportioned upon the other property, a deficiency shall be assessed against the municipality.

Here, the crux of Plaintiffs' claim is "that the City was required by statute to apportion the costs of the sewer project equally among the affected property owners and that the City violated its statutory obligation by forgiving the debts of some owners and refusing to issue refunds for other

5

owners." (Dkt. 1-4 at 5). The City argues that even though this claim relates to tax forgiveness (perhaps not a garden-variety tort like, say, battery), it is still essentially a textbook tort claim. Plaintiffs, of course, disagree, couching their claim in terms of breach of contract: "The claim for partial reimbursement of the assessment which each class member paid to the City of Indianapolis is a contract claim . . ." (Dkt. 15 at 4).

Indiana courts have previously defined the meaning of "tort" as:

> A legal wrong committed upon the person or <u>property independent of contract</u>. It may be either (1) a direct invasion of some legal right of the individual; (2) <u>the infraction of some public duty by which special damage accrues to the individual</u>; (3) the violation of some public obligation by which like damage accrues to the individual.

*Holtz*, 560 N.E.2d at 647 (emphasis added; citation and internal quotations omitted). In the Court's view, this case falls under the second category. In other words, the City breached its duty to Plaintiffs by allegedly failing to comply with Ind. Code § 36-9-39-17(c), thus damaging Plaintiffs because they were not paid money to which they became entitled.

The Indiana Supreme Court has previously recognized that where a statute has no enforcement provision, a plaintiff may still be able to enforce a statutory duty through tort law. *See Cantrell v. Morris*, 849 N.E.2d 488, 497-98 (Ind. 2006) ("Under traditional tort doctrines a violation of a statutory or constitutional obligation may give rise to a civil damage claim."). In *Cantrell*, the Indiana Supreme Court relied on section 874A of the Second Restatement of Torts, which provides:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision,

6

> accord to an injured member of the class a right of action, <u>using a suitable existing tort action or a new cause of action analogous to an existing tort action</u>.

*Id*. (emphasis added). In other words, where, as here, a statute does not provide an explicit cause of action but the Court determines that one is appropriate, the resulting cause of action is one that sounds in tort law.

Moreover, Plaintiffs' attempts to manufacture a contractual dispute, while certainly well-crafted, are unavailing. Plaintiffs make two basic arguments to support their contract theory. First, Plaintiffs contend that their claim is a breach of contract because the original tax assessment was "based on the contract between the City and the company hired to install the new sanitary sewer lines." (Dkt. 15 at 4). However, the existence of a contract between a company that installs sewers and the City does not mean that a contract existed between Plaintiffs and the City. Second, in an attempt to make out a breach of contract claim, Plaintiffs point to Chapter 22 of Ind. Code § 36-9, which is titled "Contracts with Property Owners for Sewer Construction by Municipalities." However, this chapter merely describes one of the options for financing municipal sewers. *See* Ind. Code § 36-9-39-13 (describing contract under § 36-9-22 as one option for financing municipal sewers). Importantly, however, this was not the option used to construct Plaintiffs' sewers.

In sum, no writing has been produced that shows privity through contract, and no contract was created by statute. The absence of a contract strongly reinforces the Court's view that the statutory claim in this case is best categorized as a species of tort. After all, a tort is a broad concept, basically encompassing any civil wrong other than breach of contract. *See Wells v. Stone City Bank*, 691 N.E.2d 1246, 1249 (Ind. Ct. App. 1998) (a tort has been described as "a legal

wrong committed upon a person or property <u>independent of contract</u>.") (emphasis added; citation and internal quotations omitted); *see also* BLACK'S LAW DICTIONARY 724 (3d pocket ed.) (defining tort as "[a] civil wrong, <u>other than breach of contract</u>, for which a remedy may be obtained . . .") (emphasis added).

The Indiana Court of Appeals has addressed a factually similar case. In *Irwin*, cited above, the plaintiff, a mortgage escrow agent, sued Marion County for excessive penalties related to late property tax payments. 816 N.E.2d at 442. Similar to the Plaintiffs here, the plaintiff in *Irwin* argued that the ITCA was inapplicable because "its state claims seeking monies it alleges are illegally held by Marion County do not sound in tort . . . [but] [r]ather . . . <u>an implied contract, created when Marion County received monies it could not rightfully retain</u>." *Id.* at 446 (emphasis added). The Court of Appeals rejected this argument, refusing "the invitation to create a contractual relationship between the Treasurer's office and the citizens of Marion County every time a tax payment is made" and finding "no basis for Irwin's contention that its claim is based on an implied contract." *Id.* As the court noted, "[r]egardless of how Irwin deigns to describe its claims, its assertion that Marion County committed a legal wrong causing harm to Irwin's property when it extracted an allegedly illegal property tax payment sounds in tort." *Id.* Because the ITCA applied and Irwin failed to comply with the corresponding notice requirements, its state law claims were barred. *Id.* at 447-48.

Here, too, Plaintiffs seek a refund from a governmental entity, this time alleging that the City distributed a refund in a manner that violated Indiana law. While these circumstances are not identical to those found in *Irwin*, the Court nonetheless finds that the reasoning embraced by *Irwin* applies with equal force.

That said, the Court would be remiss not to mention that Plaintiffs' position is arguably backed by some notable Indiana authority. Nonetheless, the cases relied on by Plaintiffs relate to distinguishable concepts like replevin and eminent domain. *See State v. Willis*, 773 N.E.2d 808, 812-14 (Ind. 2002) (notice provision of ITCA did not apply to statute governing return of property seized as a result of a search or an arrest to lawful owners, but property owners still had to avail themselves of the ITCA to pursue a monetary award for damages); *Moore Real Estate, Inc. v. Porter County Drainage Bd. of Porter County*, 578 N.E.2d 380 (Ind. Ct. App. 1991) (notice requirement of ITCA did not apply to landowner's eminent domain claim). Resolution No. 101, 2005, by contrast, governed the forgiveness of a tax assessment. In short, the Court finds that the present circumstances (allegedly doling out a tax assessment refund in violation of Indiana law) are closer to those found in *Irwin* (retaining a tax payment in violation of Indiana law) than those found in either *Willis* (replevin) or *Moore* (eminent domain). For these reasons, the City's argument carries the day.

*Conclusion*

For the reasons set forth herein, the City's Motion for Summary Judgment (Dkt. 1-3) is **GRANTED**, and Plaintiffs' Motion for Partial Summary Judgment is (Dkt. 1-5) is **DENIED**. The parties are to collaborate and notify the Court within 7 days of the date of this entry if they agree that entry of Final Judgment is appropriate. If the parties agree that Final Judgment is appropriate, they are further directed to submit a mutually agreeable proposed Final Judgment at that time.

SO ORDERED: 08/22/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

9

Copies to:

**Jennifer Lynn Haley**
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov,bdoyle@indy.gov

**Stephen Jerome Hyatt**
HYATT & ROSENBAUM PA
sjhyatt@juno.com,apatterson8@sbcglobal.net

**Edward F. Kelly**
EDWARD F. KELLY LAW OFFICE
kellyatlaw@aol.com

**Justin F. Roebel**
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org,mohaver@indygov.org

**William T. Rosenbaum**
HYATT & ROSENBAUM, P.A.
rosenbaum@iquest.net,hyattandrosenbaum@gmail.com