UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OWEN COX, JR. and EVELYN COX, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF INDIANAPOLIS, INDIANA and THE INDIANAPOLIS DEPARTMENT OF PUBLIC WORKS, <br><br> Defendants. | Case No. 1:09-cv-0435-TWP-MJD |

### ENTRY REMANDING CASE TO MARION SUPERIOR COURT

Plaintiffs Owen and Evelyn Cox ("Plaintiffs") filed a class action lawsuit challenging the Defendants', The City of Indianapolis, Indiana and The Indianapolis Department of Public Works (collectively, "City"), forgiveness of certain sewer tax assessments paid in installments without providing refunds to taxpayers who already paid their full assessment (hereinafter, the City's forgiveness plan is referred to as "Resolution No. 101, 2005"). Initially, Plaintiffs brought this case in Marion County Superior Court. But after Plaintiffs added a federal constitutional claim, the City removed the case to this Court. *See* 28 U.S.C. § 1441(a). Specifically, Plaintiffs made two separate arguments during this litigation: (1) Resolution No. 101, 2005 violated the Equal Protection Clause of the United States Constitution; and (2) Resolution No. 101, 2005 violated Ind. Code § 36-9-39-17(c).

Recently, the United States Supreme Court, in a 6 to 3 decision, definitively settled the federal constitutional question in this case's sister case. In an opinion authored by Justice Breyer, the Court held that, in light of administrative concerns, "the City had a rational basis for

distinguishing between those lot owners who had already paid their share of project costs and those who had not," concluding "that there is no equal protection violation." *Armour v. City of Indianapolis*, __ S.Ct. __, 2012 WL 1969350, at *3 (June 4, 2012).  Obviously, that decision is binding on this Court. Therefore, only Plaintiffs' state law claim remains.  On this point, the parties agree that the *Armour* ruling is controlling, and that the Court should vacate two of its prior entries: (1) the Order granting Plaintiffs' Motion for Summary Judgment (Dkt. 66); and (2) the Entry on the Issue of Damages (Dkt. 106). (Dkt. 125 at 2.)  The Court has done so.  (Dkt. 126.)  In addition, the Court finds that it should vacate its entry on the City's Motion to Alter or Amend Judgment, (Dkt. 95), as that ruling is no longer good law.

With the federal constitutional claim now jettisoned from the case, the Court turns to the remaining state statutory claim.  As a practical matter, the state claim can be divided into two separate questions.  First is a threshold question: is Plaintiffs' claim grounded in Ind. Code § 36-9-39-17(c) jurisdictionally barred because Plaintiffs' failed to comply with the notice requirement of the Indiana Tort Claims Act ("ITCA")?  If the answer is "yes," then there is no need to address the second question because this issue is dispositive.  If the answer is "no," however, then the Court must answer a second question: did Resolution No. 101, 2005 violate Ind. Code § 36-9-39-17(c)?  Notably, no Indiana state court has interpreted this statute.

The Court has some experience dealing with the state law issues in this case. Specifically, on August 22, 2011 (long before the United States Supreme Court's decision in *Armour*), the Court issued a decision ruling that Plaintiffs' state law claim was jurisdictionally barred by their failure to comply with the notice requirement of the ITCA. (Dkt. 110.)  Plaintiffs responded with a motion to reconsider, which suspended entry of final judgment.  (Dkt. 114.) Due to the congestion of the Court's docket, it is just now in a position to tackle Plaintiffs'

2

motion to reconsider, which makes well-reasoned arguments about difficult and novel questions under Indiana law.

However, after examining the relevant statutes and binding case law, the Court has come to the conclusion that it is no longer in a position to address this remaining claim.  Specifically, under the doctrine of pendent jurisdiction, a district court has discretion to remand a properly removed case to state court if all federal law claims in the case have been eliminated and only supplemental state law claims remain.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also* 28 U.S.C. § 1367(c)(3) ("the district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").  On this point, Seventh Circuit precedent is even more direct, instructing district courts that "[w]hen the federal claim in a case drops out before trial, the *presumption is that the district judge will relinquish jurisdiction* over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d. 875, 882 (7th Cir. 2008) (emphasis added; citations omitted).

Here, this case was removed to this Court because Plaintiffs brought a claim under the Equal Protection Clause of the United States Constitution. *See* 28 U.S.C. § 1441(b).  That claim is no longer part of this case, and the parties have not furnished the Court with an alternative basis for jurisdiction.  Thus, the *presumption* is that the Court will relinquish jurisdiction and remand this case back to the state court where it originated.  *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims rather than resolving them on the merits").  But the inquiry does not end there.  In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should

consider and weigh the factors of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon*, 484 U.S. at 350.

The Court finds that, balancing these considerations, the *Carnegie-Mellon* factors weigh strongly in favor of remand. On one hand, the litigants have expended considerable time and resources in this case, which was removed to this Court in 2009. *See Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir.2008) (concluding that length of time since litigation began and completion of discovery favored district court's decision to retain jurisdiction). However, it appears that the vast majority of the work done in this case has been related to the federal constitutional claim, not the state statutory claim. As the Court noted in its previous order, the state statutory issue was "a lurking issue that has remained unaddressed thus far in the litigation." (Dkt. 110 at 2).

Regardless, the parties' expenditure of resources is substantially outweighed by the Court's duty of comity toward Indiana courts in developing Indiana law. Plainly stated, the remaining statutory claim involves quintessential state law issues – including matters of first impression – that are best resolved by state courts. Not only are these issues novel, they are complex. This fact cuts strongly in favor of remand. *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim raises *a novel or complex issue of State law*[.]") (emphasis added).

On this point, the Seventh Circuit's decision in *Wentzka v. Gellman*, 991 F.2d 423 (7th Cir. 1993) is particularly instructive, holding that a district court *abused its discretion* by retaining jurisdiction over case where state law was unsettled. *Id*. at 425 (emphasis added) ("Nor have we found any other extraordinary circumstances which would lead us to believe that the retention of jurisdiction was necessary in this instance. To the contrary, we can identify one very

4

good reason why the district court should not have reached the merits of plaintiffs' common law misrepresentation claims . . . the unsettled nature of Wisconsin law in the area of justifiable reliance."). In other words, the questions at issue are not the type of "no brainers" that would compel the Court to retain jurisdiction. *See Martin v. Indiana State Police*, 537 F. Supp. 2d 974, 989 (S.D. Ind. 2008) (unless remaining state claims are "no brainers," the "court's duty of comity toward Indiana courts in developing Indiana law directs the court to remand all state law claims to the state courts").

Finally, the Court notes that because the parties have completed nearly all of the discovery, research and briefing work for this litigation, they should be able to proceed expeditiously without substantial duplication once in state court. *See Rosenbaum v. Seybold*, 2011 WL 2729454, at *3 (N.D. Ind. July 13, 2011) (noting that although the parties and the court had already expended considerable resources through the discovery process and motions practice, "it is not necessarily true that these efforts would be wasted were the case refiled in state court"). In sum, the application of the *Carnegie-Mellon* factors, coupled with the presumption of relinquishment, leads to the conclusion that this case should be remanded to the state court where it originated.

The last issue relates to the posture of this case. Specifically, Plaintiffs' Motion to Reconsider remains pending. On this motion, there are good arguments on both sides of the aisle. The Court finds that the most appropriate course of action is to vacate its ruling that led to the Motion to Reconsider – namely, the Court's August 22, 2011 Entry on Motions for Summary Judgment (Dkt. 110) – and to reinstate the parties' motions for summary judgment. From there, the Court denies as moot Plaintiffs' Motion to Reconsider (Dkt. 114). This way, the state court can address these issues with a completely fresh set of eyes; moreover, this action will allow the

state court to directly address the state law claims from the outset of the case. Importantly, nothing in this order should be construed as an indication of how the Court would have ruled on Plaintiffs' Motion to Reconsider.

In closing, the Court's rulings can be summarized as follows:

- As discussed in Dkt. 126, the Court's prior ruling in this case finding that the City's decision for forgiveness amounted to a violation of the Equal Protection Clause of the United States Constitution (Dkt. 66) has been **VACATED** in light of the United States Supreme Court's decision in *Armour v. City of Indianapolis*, __ S.Ct. __, 2012 WL 1969350 (June 4, 2012). Consistent with the Supreme Court's decision, the Court now finds that there is no equal protection violation.

- It necessarily follows that this Court's decisions that were based on the ruling found at Dkt. 66 are no longer good law. As discussed in Dkt. 126, the Court has **VACATED** its entry pertaining to damages, found at Dkt. 106. In addition, the Court **VACATES** its ruling on the City's Motion to Alter or Amend the Judgment, found at Dkt. 95.

- As for Plaintiffs' Motion for Reconsideration (Dkt. 114), the Court **VACATES** its August 22, 2011 order on the parties' Motions for Summary Judgment (Dkt. 110), since these issues more appropriately rest within the province of the state court. From there, the Court **DENIES AS MOOT** Plaintiffs' Motion to Reconsider (Dkt. 114). By doing this, the Court has, in effect, reinstated the parties' motions for summary judgment.

- Finally, this matter is hereby **REMANDED** to the Marion Superior Court.

SO ORDERED.

Date: 06/19/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephen Jerome Hyatt
STEPHEN J. HYATT & ASSOCIATE
sjhyatt@juno.com, apatterson8@sbcglobal.net, moreygg5@gmail.com

Edward F. Kelly
EDWARD F. KELLY LAW OFFICE
kellyatlaw@aol.com

William T. Rosenbaum
ROSENBAUM LAW, P.C.
rosenbaum@iquest.net, chris.rosenbaumlaw@gmail.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org, bdoyle@indygov.org, Alex.Will@indy.gov